**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**OLANDO JUWAN THOMAS,**

**Plaintiff,**

**v.** **Case No. 26-CV-858**

**N. MULVEY, *et al*.,**

**Defendants.**

---

## ORDER SCREENING THE COMPLAINT

---

On May 14, 2026, plaintiff Olando Juwan Thomas, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without the prepayment of the filing fee, (ECF No. 5), and a motion to appoint counsel, (ECF No. 7.) This order resolves those motions and screens the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Thomas was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He

must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 26, 2026 Thomas filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 6.) That same day, the court issued an order requiring Thomas to pay an initial partial filing fee of $50.90 before June 25, 2026. (ECF No. 8.) On June 23, 2026, Thomas paid the fee. The court will grant Thomas's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Thomas's Allegations and Analysis*

Thomas alleges that he was arrested on November 25, 2025, and did not receive a preliminary hearing within the statutory time limit. (ECF No. 1 at 8.) He also alleges that his right to a speedy trial has been violated. (*Id.*) Additionally, he states that he has not had an attorney appointed for him. (*Id.* at 7.)

Thomas's complaint is written on a form that makes it hard to discern whether he states a claim. As such, the court is going to grant him an opportunity

to amend his complaint. The court will enclose a copy of the amended complaint form with this order, and Thomas must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper. Thomas is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

The court has also noticed that Thomas appears to name various judges, assistant district attorneys, district attorneys, state public defenders, clerks of court, and court reporters as defendants. (ECF No. 1 at 3.) Thomas should note that he cannot bring claims under § 1983 against these types of defendants. Judges have "immunity for judicial acts even if [they acted] erroneously, maliciously, or in excess of [their] authority; [they] can be liable only when acting in the 'clear absences of all jurisdiction.'" *Bertha v. Hain*, 787 F. App'x 334, 338 (7th Cir. 2019) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

District attorneys and assistant district attorneys also enjoy absolute immunity from § 1983 claims or conduct "that relates to [their] role as an advocate for the state." *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1102 (7th Cir. 2015). Such immunity "turns on 'the nature of the function performed, not the identity of

the actor who performed it.'" *Id.* (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)).

Court reporters and clerks hold a "quasi-judicial office." As such, they enjoy immunity from liability the same as a judge does pursuant to Wisconsin state law. *See Griffin v. Wisconsin*, No. 07-1653, 2007 WL 2913892, at *2 (7th Cir. Oct. 5, 2007) (citing Wis. Stat. § 757.68 (authorizing appointment of court commissioners) and Wis. SCR 75.02 (authorizing court commissioners to "perform limited judicial and quasi-judicial functions under the direction and authority of the chief judge and the judges of the circuit")); *see also Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999) (holding that quasi-judicial officers who "perform duties functionally comparable to those of a judicial officer" are immune from liability).

Public defenders or criminal defense attorneys cannot be sued under § 1983 because they do not act under the color of state law; they are the adversary of the State. *Polk County v. Dodson*, 454 U.S. 312, 318, 325 (1981); *see Swift v. Swift*, 556 Fed. Appx. 509, 510-11 (7th Cir. 2014); *West v. Atkins*, 487 U.S. at 50. Even attorneys who are appointed are not acting under the color of state law. *Polk*, 454 U.S. at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Accordingly, if Thomas so chooses, he may file an amended complaint by **December 10, 2026.** Thomas should name which officials acting under the color of state law (*e.g.* police officers, jail officials) violated his rights. If he does not know

the name of the individuals, he may use John or Jane Doe as a placeholder. If his complaint survives screening, he will have an opportunity to conduct discovery to figure out their identities. If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss the action based on Thomas's failure to state a claim in his original amended complaint.

**MOTION TO APPOINT COUNSEL**

Because Thomas has yet to state a viable claim, the court will deny this motion without prejudice. If Thomas files an amended complaint, and it survives screening, he may refile his motion to appoint counsel.

**THEREFORE, IT IS ORDERED** that Thomas may file an amended complaint that complies with the instructions in this order on or before **December 10, 2026**. If Thomas files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Thomas does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Thomas a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that Thomas's motion for leave to proceed without prepayment of the filing fee (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Thomas shall collect from his institution trust account the $299.10 balance of the filing fee by collecting monthly payments from Thomas's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Thomas is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Thomas is confined.

**IT IS FURTHER ORDERED** that Thomas's motion to appoint counsel (ECF No. 7) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk of Courts

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Thomas is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Thomas is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Thomas's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 10th day of November, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge